**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

ESSEX INSURANCE COMPANY,

        Plaintiff,

v.                                   CIVIL ACTION NO.  3:15-15881

SCHOONER'S BAR & GRILL, INC.,
dba SCHOONER'S WATERFRONT GRILLE,
HUNTINGTON HARBOR MARINA, LLC, and
JASON TOLLIVER,

        Defendants.

**ORDER**

Pending before the Court is Plaintiff Essex Insurance Company's Motion for Excess Fees

and Costs Associated with Shelly Mirus Deposition. ECF No. 128. For the following reasons, the

Court **DENIES** the motion.


On August 4, 2016, Defendants gave Notice of Video Deposition of Robert Becker and

Shelly Mirus to occur in Louisville, Kentucky on August 12, 2016, at 10:00 a.m. and 1:00 p.m.,

respectively. According to Defendants, Mr. Becker is an Agent and Producer with VanZandt,

Emrich & Cary Insurance Agency, the agency that procured the coverage at issue in this case.

Defendants contend that Ms. Mirus also works at the agency and handles insurance tasks directed

by Mr. Becker. Defendants assert that they deliberately scheduled Mr. Becker's deposition before

Ms. Mirus' deposition because he appeared to have more contact with Defendants.

The parties conducted Mr. Becker's deposition as scheduled. However, in light of the statements made by Mr. Becker during his deposition, Defendants determined Ms. Mirus' deposition was unnecessary and cancelled it. Defendants state that Plaintiff never informed them it wanted to take Ms. Mirus' deposition until after it was cancelled.

Plaintiff's counsel states that, during a lunch break after Mr. Becker's deposition ended and before Ms. Mirus' deposition was set to begin, he received a phone call from defense counsel stating Ms. Mirus' deposition was cancelled. Plaintiff's counsel contends he told defense counsel he wanted to proceed with the deposition, but defense counsel informed him it was too late because both he and Ms. Mirus already had left. As a result, Plaintiff's counsel states he had to notice a new deposition date for Ms. Mirus, which was conducted on August 26, 2016. Plaintiff now seeks reimbursement under Rule 30(g) of the Federal Rules of Civil Procedure for counsel's time and expenses.

Rule 30(g) provides, in part, that "[a] party who, expecting a deposition to be taken, attends in person or by an attorney may recover reasonable expenses for attending, including attorney's fees, if the noticing party failed to . . . attend and proceed with the deposition[.]" Fed. R. Civ. P. 30(g), in part. "An award of expenses pursuant to Rule 30(g) is within the discretion of the trial court." *Renfro v. Spartan Computer Servs., Inc.*, No. 07-2050-CM, 2008 WL 650338, at *2 (D. Kan. Mar. 6, 2008); *Keats v. United States*, 121 F.R.D. 53, 53–4 (E.D. Mich. 1988) (stating "[t]he decision of whether to impose discovery sanctions under Rule 30(g) is within the discretion of the Court" (citation omitted)). Exercising this Court's discretion, the Court declines to award sanctions.

In this case, defense counsel noticed two related depositions on the same day. The first deposition took place as scheduled. However, based upon the information gathered during the first deposition, defense counsel determined it was unnecessary to proceed with the second deposition. Therefore, he excused Ms. Mirus and cancelled her deposition. Defense counsel states he was unaware of Plaintiff's desire to take Ms. Mirus' deposition until after it was cancelled, and he notes Plaintiff's counsel did not cross-notice or subpoena Ms. Mirus to secure her attendance on its behalf. Although Plaintiff's counsel argues defense counsel's actions "forced" him to make a second trip to Louisville to take Ms. Mirus' deposition, the Court disagrees as it was Plaintiff's choice to schedule the deposition.

Additionally, defense counsel could have scheduled Mr. Becker's and Ms. Mirus' depositions on different days at the outset to give him time to determine whether Ms. Mirus' deposition would be necessary. Under that scenario, if defense counsel would have cancelled Ms. Mirus' deposition in advance, there would be no grounds for sanctions even if, as here, Plaintiff's counsel then decided to notice Ms. Mirus for a deposition. On the other hand, if defense counsel decided to proceed with Ms. Mirus' deposition, the parties still would have to make two trips to Louisville because they would be set on different days.

In this case, however, defense counsel scheduled the depositions on the same day as a matter of convenience and efficiency because they were related and in the same location. If defense counsel believed Ms. Mirus' deposition was necessary following Mr. Becker's testimony, the parties could proceed to take her deposition on the same day and in the same place, saving both time and money. However, the threat of sanctions may encourage counsel in similar situations to

stagger depositions days or weeks apart whenever there is the possibility that the first deposition may negate the need for the second deposition, despite the fact it may be more efficient and cost effective to schedule them on the same day in the event both depositions are taken. If the depositions are set on the same day, counsel who noticed the deposition also may feel compelled to proceed with the deposition even when counsel no longer believes it is necessary in order to avoid the possibility of sanctions. When raised in this context, these results make sanctions counterproductive to the discovery process.

Although as a matter of professional courtesy, it would have been preferable for defense counsel to have discussed his decision to excuse Ms. Mirus with opposing counsel before he permitted her to leave, the Court finds sanctions are inappropriate. Accordingly, under the circumstances of this case, the Court finds in its discretion that sanctions are not warranted and **DENIES** Plaintiff's Motion for Excess Fees and Costs Associated with Shelly Mirus Depositions. ECF No. 128.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:     April 18, 2017

_____
ROBERT C. CHAMBERS, CHIEF JUDGE